**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4014**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAWN DEION SWINSON, SR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.  (3:06-cr-00001-JRS)

Submitted: May 30, 2007                 Decided: July 5, 2007

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brent A. Jackson, THE JACKSON LAW GROUP, P.C., Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Olivia N. Hawkins, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Deion Swinson, Sr., was convicted after a bench trial of conspiracy to distribute a controlled substance, marijuana, in violation of 21 U.S.C. § 846 (2000) (Count One); conspiracy to launder money by allowing his business address to be used for receipt of marijuana shipments via common carrier, in violation of 18 U.S.C.A. § 1956(h) (West Supp. 2000) (Count Two); and laundering money by allowing his business address to be used for the receipt of marijuana shipments via common carrier, in violation of 18 U.S.C.A. § 1956(a)(1)(A)(i) (West 2000 & Supp. 2007) (Count Three). He appeals, raising three grounds.

Swinson challenges the sufficiency of the evidence for each count. In evaluating a sufficiency challenge, we are obliged to sustain a guilty verdict "'if there is substantial evidence, taking the view most favorable to the Government, to support it.'" United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (quoting Glasser v. United States, 315 U.S. 60, 80, (1942)); see United States v. Ismail, 97 F.3d 50, 55 (4th Cir. 1996) (applying Glasser standard in bench trial). We have defined "substantial evidence" as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Burgos, 94 F.3d at 862. In conducting our review, we examine the cumulative weight of

the evidence and leave undisturbed the fact finder's credibility determinations.  Id. at 862-63.

"To prove a conspiracy under 21 U.S.C. § 846, the government must prove (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy."  United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001).  The elements of distribution are "(1) distribution of [a] narcotic controlled substance, (2) knowledge of the distribution, and (3) intent to distribute the narcotic controlled substance."  United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999).

Viewing the evidence in this case in the light most favorable to the Government, there is ample evidence to establish Count One, the drug conspiracy charge.  Swinson's argument largely consists of an attack on the credibility of the coconspirator-witnesses.  However, the fact finder at the trial level, in this case the district court, resolves questions of credibility.  See United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006).  We find that the district court's verdict is supported by substantial evidence.

Swinson was also convicted of participating in a conspiracy to commit promotion money laundering, 8 U.S.C. § 1956(h), and of the substantive offense of promotion money

- 3 -

laundering, § 1956(a)(1)(A)(i).  He challenges the sufficiency of the evidence to sustain these convictions.  A money laundering conspiracy charge requires proof that "(1) a conspiracy to commit promotion money laundering was in existence, and (2) that during the conspiracy, the defendant knew that the proceeds used to further [the illegal marijuana trade] had been derived from an illegal activity, and knowingly joined in the conspiracy."  United States v. Alerre, 430 F.3d 681, 693-94 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006).  To prove promotion money laundering, the Government must "(1) trace the money at issue to an underlying unlawful activity, and (2) prove that the money was transferred in order to promote a specified unlawful activity."  Alerre, 430 F.3d at 693-94 & n.14.

Here, one coconspirator testified that Swinson entered into an agreement to receive packages containing marijuana at this shop, that he was paid with money from the drug profits, and that Swinson knew that this money came from the drug operation.  Several witnesses established that payments were made to Swinson so that he would accept the shipments of illegal marijuana at his shop, thereby promoting the illegal activity.  Therefore, substantial evidence supports the conspiracy conviction as well as the substantive conviction.

Swinson next argues that the Government must not have disclosed all the information to which he was entitled, in view of

the testimony of one witness that he was present when Swinson and the leader of the drug operation came to their agreement that Swinson would be paid each time he took delivery of a box containing marijuana. However, the district court found that the Government satisfied its disclosure obligations, and Swinson offered no evidence of the existence of any specific documents that were not properly disclosed. Therefore, this claim entitles him to no relief.

Finally, Swinson alleges that the district court erred in denying his motions for new trial. One motion was based on claims of ineffective assistance of counsel by Swinson's prior attorneys, and the other on evidence that Swinson contended was newly discovered. This Court reviews a district court's order denying a motion for new trial under Fed. R. Crim. P. 33 for abuse of discretion. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). A motion for a new trial based on newly discovered evidence must be filed within three years of the finding of guilt, and a motion for new trial based on any reason other than newly discovered evidence must be filed within seven days of the finding of guilt. Fed. R. Crim. P. 33(b)(1), (b)(2).

> [I]nformation supporting an ineffective assistance claim is not 'evidence' within the meaning of Rule 33 and, therefore, . . . a motion for a new trial predicated on ineffective assistance of counsel must be brought . . . within seven days of judgment regardless of when the defendant becomes aware of the facts which suggest to

> h[im] that h[is] attorney's performance may have been constitutionally inadequate.

United States v. Smith, 62 F.3d 641, 648 (4th Cir. 1995). The district court denied as untimely Swinson's motion based on ineffective assistance of counsel, as it was filed five months after his convictions. The time limits set forth in Rule 33 are jurisdictional. Smith, 62 F.3d at 648. Therefore, the district court did not abuse its discretion in denying the new trial motion based on claims of ineffective counsel.

Swinson also moved for a new trial based on newly discovered evidence. To receive a new trial based on newly discovered evidence, a defendant must demonstrate: (1) the evidence is newly discovered; (2) he has been diligent in uncovering it; (3) it is not cumulative or impeaching; (4) it is material to the issues involved; and (5) it would probably produce an acquittal. U.S. v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001). Defendants are generally required to satisfy all five elements. Id. A district court should award a new trial sparingly. Smith, 451 F.3d at 216-17. Here, the district court found that Swinson had not exercised due diligence in discovering allegedly new evidence about a FedEx policy concerning package delivery and FedEx shipping records showing that packages were not sent to Swinson's address. We agree with the district court that this information should have been available at trial, and therefore, Swinson did not

act with due diligence in acquiring it.  The district court did not abuse its discretion in denying this motion for new trial.

Accordingly, we affirm Swinson's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED